UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CAM XIV A TRUST,**<br><br>Plaintiff<br><br>v.<br><br>**RIGOBERTO MORFIN, MARIA S. MORFIN, and DOES 1-10,**<br><br>Defendants | CASE NO. 1:17-CV-0382 AWI BAM<br><br>**ORDER SUA SPONTE REMANDING MATTER TO THE TULARE COUNTY SUPERIOR COURT AND ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS AS MOOT**<br><br>**(Doc. No. 3)** |

Defendant Rigoberto Morfin ("Defendant") removed this unlawful detainer case from the Superior Court of Tulare County on March 15, 2017. See Court's Docket Doc. No. 1.  Although not entirely clear, Defendant appears to assert that the bases for removal are: the application of 28 U.S.C. § 1443, his recent discoveries of federal interests that are implicated by the "trust deed loan" and hedge fund practices, his Fifth and Fourteenth Amendment Due Process interests and protections in his home, and the protections of the California Homeowner Bill of Rights.[1]

A district court has "a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not." United Investors Life Ins. Co. v. Waddell & Reed, Inc., 360 F.3d 960, 967 (9th Cir. 2004).  The removal statute (28 U.S.C. § 1441) is strictly construed against removal jurisdiction. Geographic Expeditions, Inc. v. Estate of Lhotka, 599 F.3d 1102, 1107 (9th Cir. 2010); Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1087 (9th Cir. 2009).  It is presumed that a case lies outside the limited jurisdiction of

---

[1] The Court notes that Defendant expressly disavows diversity jurisdiction. See Doc. No. 1 at 9:24-25.

the federal courts, and the burden of establishing the contrary rests upon the party asserting jurisdiction. Geographic Expeditions, 599 F.3d at 1106-07; Hunter v. Philip Morris USA, 582 F.3d 1039, 1042 (9th Cir. 2009). "The strong presumption against removal jurisdiction" means that "the court resolves all ambiguity in favor of remand to state court." Hunter, 582 F.3d at 1042; Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). That is, federal jurisdiction over a removed case "must be rejected if there is any doubt as to the right of removal in the first instance." Geographic Expeditions, 599 F.3d at 1107; Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996); Gaus, 980 F.2d at 566. "If at any time prior to judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); Gibson v. Chrysler Corp., 261 F.3d 927, 932 (9th Cir. 2001). Remand under 28 U.S.C. § 1447(c) "is mandatory, not discretionary." Bruns v. NCUA, 122 F.3d 1251, 1257 (9th Cir. 1997); see California ex. rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004). That is, the court "must dismiss a case when it determines that it lacks subject matter jurisdiction, whether or not a party has filed a motion." Page v. City of Southfield, 45 F.3d 128, 133 (6th Cir. 1995).

"The presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." California v. United States, 215 F.3d 1005, 1014 (9th Cir. 2000); see Dynegy, 375 F.3d at 838; Duncan, 76 F.3d at 1485. Under the "well-pleaded complaint" rule, courts look to what "necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything in anticipation of avoidance of defenses which it is thought the defendant may interpose." California, 215 F.3d at 1014. Accordingly, "a case may not be removed on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint and both parties concede that the federal defense is the only question truly at issue." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987); Wayne v. DHL Worldwide Express, 294 F.3d 1179, 1183 (9th Cir. 2002); see also Vaden v. Discover Bank, 556 U.S. 49, 70 (2009) ("It does not suffice to show that a federal question lurks somewhere inside the parties' controversy, or that a defense or counterclaim would arise under federal law.").

Here, Defendant has not shown that removal was appropriate. The complaint filed by Plaintiff is an unlawful detainer action that is based entirely on state law.

None of the bases that Defendant appears to identify are sufficient to confer federal question jurisdiction. First, to the extent that Plaintiff relies on the California Homeowner Bill of Rights, that is a California state law, not a federal law. Because it is not a federal law, it cannot serve as the basis for federal question jurisdiction. See 28 U.S.C. § 1331 ("The district courts have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties *of the United States*." (emphasis added)).

Second, Defendant's references to the Fifth Amendment, Fourteenth Amendment, and unidentified "federal banking laws" are issues that are not found on the face of Plaintiff's complaint. It appears that Defendant is raising these issues either defensively or suggesting that he may have a counterclaim. However, defenses and counterclaims do not serve as a basis for federal question jurisdiction. See Vaden, 556 U.S. at 70; Caterpillar, 482 U.S. at 392.

Finally, Plaintiff has not demonstrated that 28 U.S.C. § 1443(1) applies to this case. A petition for removal under § 1443(1) must satisfy a two-part test: (1) the removing party must assert, as a defense to the prosecution, rights that are given to him by explicit statutory enactment protecting equal racial civil rights; and (2) the removing party must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights. Patel v. Del Taco, Inc., 446 F.3d 996, 998-99 (9th Cir. 2006); California v. Sandoval, 434 F.2d 635, 636 (9th Cir. 1970). Defendant does not meet either of these conditions. Defendant did not identify an "explicit statutory enactment protecting equal racial civil rights." Second, Defendant identifies no state statute or state constitutional provision that commands California state courts to ignore his federal racial civil rights. Defendant describes his dissatisfaction with the actions of the Tulare County Superior Court and the unlawful detainer practices in California, but that is not enough. See Sandoval, 434 F.2d at 636; Doe v. Guzman, 2015 U.S. Dist. LEXIS 121596, *6 (E.D. Cal. Sept. 11, 2015); Essex Mgmt. Corp. v. White, 2015 U.S. Dist. LEXIS 14180, *1-*2 (S.D. Cal. Feb. 5, 2015).

Because there is no federal question appearing in Plaintiff's complaint, Defendant has failed to invoke this Court's jurisdiction. Remand to the Tulare County Superior Court is appropriate and mandatory.[2] 28 U.S.C. § 1447(c); Geographic Expeditions, 599 F.3d at 1107; Bruns, 122 F.3d at 1257; Page, 45 F.3d at 133; Doe, 2015 U.S. Dist. LEXIS 121596 at *7; ); Essex Mgmt., 2015 U.S. Dist. LEXIS 14180 at *3.

Accordingly, IT IS HEREBY ORDERED that:

1. Per 28 U.S.C. § 1447(c), due to this Court's lack of subject matter jurisdiction, this case is REMANDED forthwith to the Superior Court of Tulare County; and

2. Plaintiff's motion to proceed *in forma pauperis* is DENIED as moot.

IT IS SO ORDERED.

Dated:   March 15, 2017

SENIOR DISTRICT JUDGE

---

[2] The Court also notes that two procedural defects are present. First, Defendant Maria S. Murfin did not join the notice of removal. See 28 U.S.C. § 1446(b)(2)(A). Second, Defendant did not adequately show that removal was timely, especially because the summons indicates that it was personally delivered on February 9, 2017, and this case was removed March 15, 2017. See 28 U.S.C. § 1446(b)(1); Doc. No. 1 at Ex. A.